ALD-059                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3850
_____

YAKOV G. DRABOVSKIY,
Appellant

v.

WARDEN, ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No.: 3-14-cv-00805)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 11, 2014

Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: January 12, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

PER CURIAM

Pro se appellant Yakov Drabovskiy, a federal inmate, appeals the District Court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2241, in which Drabovskiy sought relief from sanctions imposed on him during prison disciplinary proceedings. Because the appeal fails to present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

The parties are familiar with the facts, which we only briefly summarize here. Drabovskiy was working in the prison library at FCI Allenwood when a staff member ordered him to relinquish documents on which he was working. Drabovskiy admits that he refused to comply initially and that he shredded the paperwork. He denies the staff member's report that he used profanity when refusing the order. Drabovskiy was notified that he was being charged with violating prison regulations and a hearing was held two weeks later. The notice of hearing, signed by Drabovskiy, indicates that he waived the right to a staff representative and to call witnesses at the hearing.

At the hearing, Drabovskiy neither admitted nor denied the charge, instead offering the explanation that he had rightfully refused to comply with the order because he was working on sensitive legal papers. Drabovskiy contends he was within his rights to destroy the document before surrendering it to staff to prevent infringement of the patent on which he was working. The disciplinary hearing officer concluded that Drabovskiy had committed two of the three charged violations and sanctioned Drabovskiy with thirty days of disciplinary segregation, loss of twenty-six days of good conduct time, loss of phone privileges for four months, and a twenty dollar fine.

2

Drabovskiy attempted to appeal to the Regional Director but failed to submit his appeal in the proper form. He was given notice of the defect and an opportunity to remedy it by filing corrected paperwork within ten days. Drabovskiy did not file until twenty days after the notice. His second attempt to appeal was therefore rejected as untimely. Drabovskiy filed a habeas action seeking relief from the disciplinary sanctions, arguing that he was deprived of due process and that the decision to sanction him was not supported by evidence. The District Court adopted the findings of the Magistrate Judge and denied Drabovskiy's habeas petition. Drabovskiy now appeals from the District Court's judgment.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We review the District Court's denial of habeas relief de novo and its factual findings for clear error. Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013). We may affirm a District Court's judgment on any grounds supported by the record.[2] Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

The District Court properly denied Drabovskiy's request for habeas relief related to the sufficiency of the evidence relied on by the hearing officer. "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary

---

[1] Drabovskiy does not need a certificate of appealability because he is a federal prisoner proceeding under 28 U.S.C. § 2241. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012).

[2] The District Court determined that Drabovskiy failed to exhaust his administrative remedies. We need not reach the question of exhaustion because the District Court correctly concluded that Drabovskiy's claims fail on the merits.

3

board to revoke good time credits." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56. The record of the disciplinary hearing includes the statement of the staff member, a photograph of the shredded paperwork, and Drabovskiy's own admission that he initially refused the order, argued with staff, and shredded the paperwork. Drabovskiy maintains that he rightfully withheld and then destroyed the paperwork and therefore cannot be sanctioned for his actions. However, there is no support in law for that contention. There was sufficient evidence in the record to support the hearing officer's decision.

The District Court also properly rejected Drabovskiy's argument that he was deprived of due process because prison officials failed to identify and interview witnesses who were in the library during the incident. Prisoners retain a right to due process in disciplinary proceedings. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals . . ." Id. at 566. Drabovskiy did not list, request, or attempt to describe any witnesses in the paperwork he filled out prior to the hearing. In fact, he affirmatively waived the right to call witnesses. The District Court properly denied Drabovskiy's request for habeas relief related to this issue.

4

Finally, the District Court was correct in rejecting Drabovskiy's assertion that the hearing officer's lack of objectivity violated Drabovskiy's due process rights. Drabovskiy offered no facts to support his allegation of bias and does not indicate any reason why the hearing officer should not have been permitted to adjudicate his discipline. "[T]he requirement of an impartial tribunal prohibits only those officials who have a direct personal or otherwise substantal [sic] involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge from sitting on the disciplinary body." Meyers v. Aldredge, 492 F.2d 296, 306 (3d Cir. 1974). Drabovskiy's claim of general bias is weakened by the fact that the hearing officer dismissed one of the three charges levied against him. The District Court properly denied Drabovskiy's request for habeas relief on this claim.

There being no substantial question presented on appeal, we will summarily affirm the decision of the District Court denying Drabovskiy's petition for habeas corpus under 28 U.S.C. § 2241.