**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1631

_____

YAKOV G. DRABOVSKIY,

Appellant

v.

WARDEN ALLENWOOD FCI

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 03-14-cv-00805)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted on Appellant's Request for a Certificate of Appealability
under 28 U.S.C. § 2253(c)(1), and for Possible Dismissal Pursuant to
28 U.S.C. § 1915(e)(2)(B) or Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
July 23, 2015
Before:  CHAGARES, SCIRICA and RENDELL, Circuit Judges

(Opinion filed:  August 14, 2015)

_____

OPINION[*]

_____

---

[*]  This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Yakov Drabovskiy, a federal inmate, appeals the District Court's denial of his motion filed pursuant to Fed. R. Civ. P. 60(b). We will affirm the District Court's judgment in part and vacate in part.

This is the second time this case has been before us. The facts surrounding Drabovskiy's filing of the underlying petition pursuant to 28 U.S.C. § 2241 are set forth in Drabovskiy v. Allenwood, 597 F. App'x 47 (3d Cir. 2015), and we need not repeat them here. Suffice it to say, Drabovskiy unsuccessfully sought habeas review of a prison rules infraction. The District Court found meritless Drabovskiy's claims that he was deprived of due process and that the decision to sanction him was not supported by evidence. Accordingly, the District Court denied his habeas petition and we affirmed that determination. See id.

Drabovskiy returned to the District Court a month after we disposed of his appeal seeking relief pursuant to Rule 60(b). In his motion, Drabovskiy asserted that neither the District Court nor this Court considered his claims on the merits; thus, he argued that he was entitled to prompt consideration of the merits of his § 2241 petition. The District Court rejected Drabovskiy's contention as simply wrong. The court further noted that Drabovskiy's motion "raise[d] no matters which were not included or includable in his prior appeal." See D. Ct. Order (ECF # 19) at 2. Accordingly, the District Court denied the motion and informed Drabovskiy that no further filings are allowed in this matter without leave of the court. This timely appeal followed.

2

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1]  We review

the District Court's denial of a Rule 60(b) motion for abuse of discretion.  See Budget

Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

We do not hesitate to conclude that the District Court committed no abuse of

discretion in disposing of Drabovskiy's motion.  As the District Court properly noted, his

claims were considered on the merits by the District Court, in the Magistrate Judge's

Report and Recommendation, which was adopted by the District Court, and then again by

this Court on appeal.  See Drabovskiy, 597 F. App'x at 49-50 & n.2.  There being no

substantial question presented with respect to that aspect of the appeal, we will

summarily affirm the order of the District Court to the extent it denied Drabovskiy's Rule

60(b) motion.  See 3d Cir. LAR 27.4 & I.O.P. 10.6.  However, we will vacate the District

Court's ruling prohibiting Drabovskiy from filing further motions in this case because a

court must provide a litigant with notice and an opportunity to respond before enjoining

him from filing documents with the court.  See Brow v. Farrelly, 994 F.2d 1027, 1038

(3d Cir. 1993).  Although the order confines its prohibition of filings to this matter,

Drabovskiy lacked notice the court was considering such action and the circumstances

here do not appear exigent.  Id.

---

[1]  Drabovskiy does not need a certificate of appealability because he is a federal prisoner
proceeding under 28 U.S.C. § 2241.  See United States v. Cepero, 224 F.3d 256, 264-65
(3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct.
641 (2012).  His request for a certificate of appealability is, thus, denied as unnecessary.

For the foregoing reasons, we will vacate the District Court's order to the extent it prohibits Drabovskiy from submitting further filings in this case. We will otherwise affirm. Drabovskiy's motions, which include a motion to expedite and to file "the constitutional claim," are denied.